IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL HOUSTON,

    Petitioner,

vs.       Case No. 4:07-CV-358-SPM

WALTER A. McNEIL,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    THIS CAUSE comes before the Court upon the Magistrate Judge's Report and Recommendation (doc. 19). The parties have been furnished a copy and have been afforded an opportunity to file objections. Petitioner has filed objections (doc. 20). Pursuant to Title 28, United States Code, Section 636(b)(1), this Court has made a *de novo* determination of those portions of the order to which an objection has been made.

    The first objection involves whether Petitioner fairly presented the violation of his federal rights to the state court. The Magistrate Judge found that Petitioner had not fairly presented his federal claim because Petitioner only mentioned the Fourteenth Amendment, but made no due process argument and did not cite to the seminal Supreme Court case in this area. Petitioner argues that based on Baldwin v. Reese, his passing reference to the Fourteenth Amendment was

sufficient.  However, the Eleventh Circuit has instructed courts to apply this Baldwin language "with common sense and in light of the purpose underlying the exhaustion requirement." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005).  This underlying purpose is "to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Id.  In McNair, the Eleventh Circuit held that reference to one federal case, and a mention of the "Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution" were insufficient to satisfy the fair pleading requirement, even in light of the language in Baldwin. Id. at 1303. This was especially true given that "McNair never mentioned, much less argued, the federal standard that extraneous evidence is presumptively prejudicial." Id.

Petitioner also relies only on his passing reference to Constitutional Amendments to demonstrate that he fairly represented his federal claims.  This Court finds that this is insufficient and that Petitioner has not fairly presented his federal constitutional claims to state court.  Accordingly, like -McNair, Petitioner "therefore failed to exhaust his state court remedies and is procedurally barred from raising his non-exhausted federal claim in his federal habeas petition." Id. This claim is therefore procedurally defaulted.

 "The habeas petitioner can escape the exhaustion requirement only by showing cause for the default and actual prejudice resulting therefrom, or by establishing a fundamental miscarriage of justice."  Kelley v. Sec'y for the Dep't

of Corr., 377 F.3d 1317, 1345 (11th Cir. 2004) (citations omitted).  The jury properly considered the evidence before it and resolved any inconsistencies in the victim's testimony.  Accordingly, there has been no actual prejudice resulting from these alleged violations of Petitioner's constitutional rights.  Furthermore, this Court finds that the state court's denial of Petitioner's judgment of acquittal motion did not involve an unreasonable application of clearly established federal law.

In Ground Three, Petitioner argues that the Magistrate Judge erroneously concluded that a challenge to the competency of the victim would have been denied by the trial court judge.  However, Petitioner mistakenly believes that this statement by the Magistrate Judge was a legal conclusion.  It was not.  It was a factual conclusion based on the statement from the trial judge–who, incidentally was the Rule 3.850 judge–that she would not have ruled the victim incompetent because there was no *evidence* that the victim was not competent.

The Delacruz case used by Petitioner to support his position is distinguishable on the facts.  Delacruz v. State, 734 So.2d 1116 (Fla. 1st DCA 1999).  The court in Delacruz applied the same reasoning applied by the Magistrate Judge and came to a different conclusion because the case was about a different child witness.  The trial judge in Petitioner's case had the benefit of seeing and hearing the child's testimony during the trial.  She also reviewed the trial testimony record in preparation for the Rule 3.850 hearing.

Consequently, this Court can credit her ruling as a reliable basis on which to conclude that any challenge by trial counsel would have been denied. This Court finds that there is no need for additional fact finding on this issue.

In Ground Four, the Magistrate Judge concluded that Petitioner's trial counsel did not commit error by declining to request the Williams instruction and that the state court ruling was not contrary to or an unreasonable application of federal law.  Petitioner argues in his objection that this finding is contrary to the record because the case cited by the Magistrate Judge was not in effect at the time of Petitioner's trial and therefore would not have been applied.  So the question is whether a jury instruction on the Williams rule would have accompanied permission for the jury to use those prior bad acts to corroborate the victim's testimony.  The answer is "yes."

The standard Williams jury instruction that was in effect at the time of Petitioner's trial gave the court the discretion to choose to include language that would have allowed the jury to use the prior bad acts evidence to "corroborate the testimony" of the child victim.  Contrary to Petitioner's argument, the McLean case did not *authorize* the use of the instruction, it explained the legality of the use of the instruction.  This limiting instruction would have likely drawn more attention to and given more weight to the prior bad act testimony.  Furthermore, the Government's reference to the Petitioner's prior bad acts was minimal and unlikely to encourage jurors's final decision to convict Petitioner.  This Court finds

4

that the failure to request the Williams instruction is not a reflection of unreasonable professional judgment.  Other competent counsel would have made the same decision that Petitioner's counsel made.  Additionally, the trial court's ruling is not contrary to clearly established federal law, nor does the Magistrate Judge's ruling require an evidentiary hearing.

In Ground Five Petitioner claims that his counsel was ineffective for failing to raise on appeal the court's denial of Petitioner's motion for a new trial.  The Magistrate Judge ruled that the basis of Petitioner's motion for new trial was not supported by the case and statutory law in effect at the time of Petitioner's appeal.  Therefore, the motion would have had little chance of success on appeal.  In reviewing the Magistrate Judge's thorough analysis on this particular issue, this Court can find no error in his reasoning.  The basis of Petitioner's objection is about his differing interpretation of current state law at the time of the appeal.  However, mere interpretational difference does not automatically equate to an unreasonable application of the law.  The Magistrate Judge, and the state court judge's application of the law was reasonable and not shall not be disturbed by this Court.

Even in light of Petitioner's eloquent legal arguments and upon application of the "Haines rule"[1], which prescribes a liberal construction of *pro se* inmate filings, his claims lack merit.  The Magistrate Judge carefully considered the

---

[1]  Haines v. Kerner, 404 U.S. 519 (1972).

factual history available to him in making his decision, and even considering all facts in the light most favorable to Petitioner, the motion fails to state a claim for relief. No Constitutional right has been denied, nor has a miscarriage of justice occurred. Petitioner's objections do not rise to the level of showing entitlement to any relief. As a result, although reasonable minds could differ as to the legal conclusions made by the Magistrate Judge, Petitioner has not sufficiently demonstrated any legal or factual error in the Magistrate's Report or the findings contained therein. Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 19) is *adopted* and incorporated by reference in this order.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) is *denied with prejudice*.

3. Petitioner's request for a new trial or an evidentiary hearing is *denied*.

4. This case shall be *dismissed with prejudice*.

DONE AND ORDERED this eighth day of May, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge